IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JENENE M. McDANIEL, | Civ. No. 05-907-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| JO ANNE B. BARNHART, Commissioner, Social Security Administration, | |
| Defendant. | |

Richard A. Sly
1001 S.W. 5th Avenue, Suite 1901
Portland, OR  97204

Linda Ziskin
3 Monroe Parkway, Suite P, PMB #323
Lake Oswego, OR  97035
    Attorneys for plaintiff

Karen Immergut
United States Attorney
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

David M. Blume
Social Security Administration
Special Assistant U.S. Attorney
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
    Attorneys for defendant

1    - OPINION AND ORDER

AIKEN, Judge:

Plaintiff Jenene McDaniel brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of the Commissioner's decision denying her applications for disability insurance benefits (DIB) and supplemental security income (SSI) benefits under Titles II and XVI of the Act.  The Commissioner's decision is affirmed.

## BACKGROUND

In March 2000, plaintiff protectively filed applications for DIB and SSI.  Tr. 96-98, 234-36.  Her applications were denied initially and on reconsideration.  Tr. 64-67, 70-74, 238-41, 243-45.  After timely requesting a hearing, plaintiff, her boyfriend, a medical expert, and a vocational expert appeared and testified before an administrative law judge (ALJ) on March 19, 2002.  Tr. 24-56.  On April 1, 2002, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act, and on February 14, 2003, the Appeals Council denied review.  5-6, 12-23.

On March 21, 2003, plaintiff filed her first complaint for judicial review.  On March 4, 2004, Magistrate Judge Cooney issued an Opinion and Order remanding the case for further administrative proceedings, primarily to consider the opinions of examining psychologists when determining plaintiff's functional limitations and disability status.  Tr. 271-87.

On April 30, 2004, the Appeals Council issued a remand order consistent with Magistrate Judge Cooney's Opinion and Order.  Tr. 269-70.  On April 11, 2005, plaintiff, two lay witnesses, and a vocational expert appeared and testified before a different ALJ at a second administrative hearing.  Tr. 357-87.  On April 25, 2005,

2    - OPINION AND ORDER

the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 257-68. Plaintiff did not seek review from the Appeals Council, rendering the ALJ's 2005 decision as the final agency decision. Plaintiff again seeks judicial review of the Commissioner's denial of benefits.

Plaintiff was fifty years old at the time of the ALJ's decision, with a high-school equivalent education, vocational training in word processing and clerical skills, and past relevant work experience as an embroidery machine operator, lamp parts assembler, and motel maid. Tr. 96, 104, 109, 380. Plaintiff alleges disability since March 1998 due to anxiety and depression, poor eyesight, and pelvic, hip, back, and wrist pain. Tr. 64-67, 70-74, 238-41, 243-45, 361-63.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards, and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner]'s conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). While

3    - OPINION AND ORDER

questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner, <u>Waters v. Gardener</u>, 452 F.2d 855, 858 n.7 (9th Cir. 1971), any negative credibility findings must be supported by findings on the record and supported by substantial evidence. <u>Cequerra v. Sec'y of Health & Human Servs.</u>, 933 F.2d 735, 738 (9th Cir. 1991).

COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. <u>Howard v. Heckler</u>, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ."  42 U.S.C. § 423(d)(1)(A).

The Commissioner employs a five-step sequential process to determine whether a person is disabled. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520 416.920. At step one, the ALJ found that plaintiff had not performed "substantial gainful activity" during the period of alleged disability. Tr. 262; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At steps two and three, the ALJ found that plaintiff has "medically severe impairments" of residual pain from pelvic and back fractures, dysthymia, anxiety, dependent personality disorder, and alcohol abuse, but that these impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Tr. 262-64; 20 C.F.R. §§ 404.1520(c) and (d), 416.920(c) and (d). Therefore, the inquiry proceeded to step four.

4    - OPINION AND ORDER

At step four, the Commissioner must evaluate the claimant's residual functional capacity (RFC) and determine whether the claimant can perform past relevant work. In doing so, the Commissioner must assess the sustained work-related activities the claimant can perform on a regular and continuing basis, despite the limitations imposed any impairment. 20 C.F.R. §§ 404.1520(e), 404.1545, 416.920(e), 416.945. If the claimant is unable to perform past relevant work, the inquiry proceeds to step five, where the burden rests with the Commissioner to establish that the claimant is capable of performing other work that exists in significant numbers in the national economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(f), 416.920(f).

In this case, the ALJ found that plaintiff retained the RFC to perform a limited range of light work. Specifically, the ALJ found that plaintiff was able to lift and carry twenty pounds frequently and ten pounds occasionally, stand and walk for two hours in an eight-hour day, and occasionally climb, balance, stoop, kneel, and crawl. Tr. 266-67. The ALJ further found that plaintiff was limited in her ability to manipulate objects with her left hand, and that she was limited to unskilled, routine, simple, and repetitive work with no more than occasional public contact. Tr. 267, 382. Based on this RFC assessment and the testimony of a vocational expert, the ALJ found that plaintiff was able to perform her past relevant work as an embroidery machine operator or small products assembler. Tr. 267, 382; 20 C.F.R. §§ 404.1520(e), 416.920(e). Thus, the ALJ did not proceed to step five and found that plaintiff was not disabled within the meaning of the Act.
///

5    - OPINION AND ORDER

DISCUSSION

Plaintiff argues that the Commissioner's decision must be reversed and remanded for an award of benefits, because the ALJ's finding that plaintiff is not disabled is not supported by substantial evidence in the record. Specifically, plaintiff argues that the ALJ failed to give adequate weight to the opinions of examining psychologists and improperly rejected the testimony of lay witnesses. Further, plaintiff argues that the ALJ's hypothetical failed to include plaintiff's fear of cars and deficiencies in concentration, persistence, and pace.

A. Evaluation of Psychological Evidence

Plaintiff argues that the ALJ failed to follow the Opinion and Order of Magistrate Judge Cooney when evaluating the opinion of two examining psychologists, Drs. Donna Wicher and Gary Sacks. Magistrate Judge Cooney found that the first ALJ failed to consider the opinion of Dr. Wicher and erroneously evaluated Dr. Sacks's assessment of plaintiff's functioning. Magistrate Judge Cooney thus instructed the Commissioner to credit Dr. Wicher's opinion as true, and to either accept Dr. Sack's opinion as true or provide legally sufficient reasons for rejecting it. Plaintiff argues that the ALJ did not give Dr. Wicher's controlling weight and failed to provide legally sufficient reasons to reject Dr. Sacks's opinion.

It is well-established that an ALJ may reject the uncontradicted opinion of a treating or examining physician by providing clear and convincing reasons supported by substantial evidence in the record. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). If contradicted, the ALJ may reject the opinion with

6    - OPINION AND ORDER

specific and legitimate reasons. <u>Andrews</u>, 53 F.3d at 1043. I find that the ALJ adequately considered and evaluated the opinions of Drs. Wicher and Sacks.

On July, 28 2000, Dr. Sacks conducted a psychological examination and diagnosed plaintiff with social phobia, alcohol abuse, and dependent personality disorder. Tr. 180 He further assessed plaintiff with a Global Assessment of Functioning (GAF) score of 50. Tr. 180-81.[1] Dr. Sacks based his conclusions on a mental status interview, various records, and a form completed by plaintiff's sister. However, Dr. Sacks did not describe or assess functional limitations resulting from plaintiff's psychological impairments. Further, Dr. Sacks qualified his diagnosis by stating that information "was obtained from Ms. McDaniel without corroboration and opinions formed as a result of this consultation must be viewed in that light." Tr. 178.

On October 26, 2001, Dr. Wicher performed a psychological examination of plaintiff. Tr. 208-13. In doing so, Dr. Wicher conducted several psychological tests, including the Wechsler Adult Intelligence Scale-Third Edition, the Trail Making Test, and the Minnesota Multiphasic Personality Inventory-2. Tr. 208. Dr. Wicher diagnosed plaintiff with dysthymic disorder, alcohol abuse, borderline personality disorder, and chronic pain. Tr. 211. Dr. Wicher also considered plaintiff's lack of permanent residence, unemployment, and lack of income and assessed her GAF score at 55. Tr. 212. Dr. Wicher opined that "[i]ndividuals with this type of

---

[1] The GAF scale is a method for assessing an individual's level of functioning based on psychological, social, and occupational factors. A GAF score of 41-50 reflects "serious symptoms" while a score of 51-60 reflects "moderate symptoms."

7    - OPINION AND ORDER

personality structure tend to have instability of mood and are often subject to dysphoric mood as a consequence. . . . Because her depression is chronic, she will remain at risk for a continuation of her depression in the future." Tr. 212.

Nevertheless, Dr. Wicher concluded that plaintiff "has no restrictions in her activities of daily living and describes adequate social functioning, although she noted that she is somewhat reclusive. . . . She has no history of psychological deterioration in work or other settings. Consequently, there are no psychological barriers so significant that they would prevent her from working at the present time." Tr. 213. Dr. Wicher suggested vocational services to assist plaintiff in feeling more productive and to alleviate her depression. Tr. 213.

After remand, a third psychological evaluation was conducted by Dr. Jana Zeedyk on December 15, 2004. Tr. 312-21. Like Dr. Wicher, Dr. Zeedyk performed various psychological tests and diagnosed plaintiff with dysthymic disorder, anxiety disorder, post-traumatic stress disorder, and dependent personality disorder. Tr. 317. Dr. Zeedyk stated that "[p]ersons with similar profiles are seriously deficient in social skills and they are most comfortable when alone. They are quite resentful of demands placed on them and other people see them as moody, irritable, unfriendly and negativistic." Tr. 317. At the same time, Dr. Zeedyk found that plaintiff was not limited in her ability to understand, remember, and carry out short, simple instructions, as well as detailed instructions. Tr. 319. Further, Dr. Zeedyk found moderate limitations with plaintiff's ability to interact appropriately with the public and rendered no opinion on

8    - OPINION AND ORDER

plaintiff's ability to interact with supervisors and co-workers, noting that plaintiff reported only one incident with a supervisor and no difficulties with co-workers. Tr. 320.

The ALJ gave "significant weight" to the opinions of Drs. Wicher and Zeedyk and "approach[ed] with caution" Dr. Sacks's GAF assessment. Tr. 266. Contrary to plaintiff's assertion, the ALJ did not discredit the opinion of Dr. Wicher. Rather, the ALJ noted that while Dr. Wicher assessed plaintiff's GAF as 55 - denoting moderate impairment in social and occupational functioning - Dr. Wicher also concluded that plaintiff's social functioning and daily activities were unrestricted and that no psychological barriers prevented plaintiff from working. Tr. 266. Further, consistent with Dr. Wicher's conclusions, the ALJ limited plaintiff to unskilled, repetitive work that required little public contact. Plaintiff identifies no functional impairment or psychological limitation imposed by Dr. Wicher that the ALJ failed to recognize.

Likewise, I find that the ALJ properly evaluated Dr. Sacks's opinion. Although Dr. Sacks rated plaintiff's GAF as 50, he also found that plaintiff displayed no difficulties in concentration, memory, or cognitive functioning during the evaluation. Tr. 178. As noted by the ALJ, Dr. Sacks identified no functional limitations regarding her ability to work and failed to explain how or why he rendered a GAF score of 50. Tr. 181, 266. Thus, the ALJ did not give Dr. Sacks's GAF score significant weight, because Dr. Sacks relied primarily on information provided by plaintiff, whom the ALJ found to lack credibility. Tr. 266. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). Notably, plaintiff does not challenge the ALJ's credibility determination.

9   - OPINION AND ORDER

Finally, the ALJ found that Dr. Sacks's GAF score was inconsistent with the opinion and conclusions of Drs. Wicher and Zeedyk.  The ALJ noted that Dr. Zeedyk, like Dr. Wicher, found moderate rather than severe limitations in plaintiff's ability to interact with the public. Tr. 266, 320.  Further, Dr. Zeedyk found that plaintiff was able to follow both simple and detailed instructions. Tr. 319.  Thus, I find that the ALJ gave specific and legitimate reasons to discount Dr. Sacks's GAF assessment.

In sum, the record contradicts plaintiff's assertion that the opinions of Drs. Sacks and Wicher support a finding of disability, and the ALJ did not error in his evaluation of the psychological evidence.

B.  Lay Witness Testimony

Plaintiff next maintains that the ALJ erred in failing to credit the testimony of James Cole, Gary Stevens, and Alice Grandy. "Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."  Lewis v. Apfel, 236 F.3d 503, 511-12 (9th Cir. 2001); see also Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993).

Cole testified that on several occasions plaintiff grabbed her back or hip in pain, that she was frequently sad or anxious, and that she was afraid of cars and traffic.  Tr. 42.  Stevens testified that plaintiff looked like she was in pain, walked slowly, could not sit for long, and had trouble communicating. Tr. 370.  Grandy testified that plaintiff experienced pain walking, cried frequently, and suffered depression.  Tr. 376.

10   - OPINION AND ORDER

In assessing this testimony, the ALJ did not "doubt the reported observations of the claimant's witnesses and other third parties." Tr. 265. However, the ALJ noted that because "they do not have medical expertise, their opinions are of limited value in determining how the claimant's impairments affect her overall ability to perform basic work activities." Tr. 265. Further, the ALJ noted that the lay witness testimony "suggests limitations that are inconsistent with other substantial evidence in the case record, including the findings and observations of the consultative examiners." Tr. 265.

In other words, the ALJ found that the lay witness testimony did not describe plaintiff's functional limitations in the workplace and were inconsistent with medical evidence. Under Ninth Circuit precedent, the ALJ may reject lay testimony that is inconsistent with the medical record. See Lewis, 236 F.3d at 511; Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005). Moreover, the ALJ's findings are supported by substantial evidence in the record. For example, no physician imposed physical limitations on plaintiff's ability to perform work activities beyond those found by the ALJ, and plaintiff's allegations to the contrary were found not credible. Tr. 174-76, 214, 218, 265-66, 303-06. Further, while Cole and Grandy testified that plaintiff was depressed and reclusive, they did not testify how plaintiff's depressive symptoms affected her daily activities or ability to work. Tr. 42-43, 376-77. Regardless, the ALJ's RFC assessment included limitations suggested their testimony regarding plaintiff's ability to be in public. Therefore, I find no error in the ALJ's evaluation of the lay witness testimony.

11   - OPINION AND ORDER

C.  Vocational Hypothetical

Finally, plaintiff argues that the hypothetical presented to the vocational expert failed to provide an accurate description of plaintiff's functional limitations.

An ALJ's depiction of a claimant's hypothetical disability must be accurate, detailed, and supported by the record.  Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999).  In this case, the ALJ's hypothetical included the ability to stand or walk for no more than two hours in a work day, no repetitive pushing or pulling or frequent manipulation by the left hand, and occasional climbing balancing, kneeling, crawling, and stooping.  Tr. 381.  Further, the hypothetical limited plaintiff to unskilled, simple, routine, and repetitive work with no more than occasional public contact. Tr. 382.  For the reasons explained above, the hypothetical posed by the ALJ is supported by the medical and psychological evidence of record.  Tr. 174-76, 212-13, 214, 218, 303-06, 319-20.

Nonetheless, plaintiff argues that the hypothetical was deficient, because it did not include plaintiff's fear of cars and crossing streets.  However, plaintiff is able to use other forms of transportation, Tr. 42, and plaintiff did not allege that her fear of cars is disabling.

Finally, plaintiff contends that the ALJ's hypothetical should have included a non-examining physician's finding that plaintiff would "often" have deficiencies of concentration, persistence and pace.  Tr. 201.  Notably, Dr. Wicher found that "no obvious concentration difficulties were evident from testing or evaluation. Her persistence was good and she willingly attempted and pursued all tasks presented by the examiner. . . .  Her pace was

12   - OPINION AND ORDER

satisfactory." Tr. 210. Further, Dr. Zeedyk opined that plaintiff was capable of understanding, remembering and following detailed as well as simple instructions. Tr. 319. Therefore, I find that the ALJ's hypothetical accurately described plaintiff's limitations. See Thomas v. Barnhart, 278 F.3d 947, 956 (9th Cir. 2002).

## CONCLUSION

The ALJ's finding that plaintiff is not disabled within the meaning of the Act is supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is AFFIRMED. IT IS SO ORDERED.

Dated this __13__ day of June, 2006.


                    /s/ Ann Aiken
                      Ann Aiken
             United States District Judge


13    - OPINION AND ORDER